UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re REEVES, CHRISTINE MARIE, Sister in Christ
of the Kingdom of Heaven,

                                                        1:20-cv-00523 (BKS/DJS)

Plaintiff.
_____

**Hon. Brenda K. Sannes, United States District Judge:**

# ORDER

Presently before the Court is Plaintiff's motion to file this action under seal, (Dkt. No. 2), and emergency motion for "Extraordinary Writ of Mandamus"[1] granting her "equal time to know and raise [her] son," who she has not seen in more than two years, (Dkt. No. 1). Plaintiff seeks to proceed "ex parte" and requests "in camera" review of her motions.

With respect to her motion to seal, Plaintiff asserts that the "details of this 'case' are exclusively private between Brothers and Sisters in Christ." (Dkt. No. 2, at 1). Without more, the public interest in disclosure, however, outweighs Plaintiff's generalized assertion of a privacy interest. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139, 141 (2d Cir. 2016) (explaining that "a complaint is a judicial document subject to a presumption of [public] access," and a court is required "to make specific, rigorous findings before sealing the document or otherwise denying public access"). Accordingly, Plaintiff's motion to seal, to proceed "ex parte," and for "in camera" review is denied.

---

[1] A writ of mandamus, is "an 'extraordinary remedy' that has been used 'both at common law and in the federal courts . . . to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction.'" *In re The City of New York*, 607 F.3d 923, 932 (2d Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004)); 28 U.S.C. § 1361. Under 28 U.S.C. § 1361, federal courts have jurisdiction "to compel an officer or employee of the United States or any federal agency to perform a duty" owed to a plaintiff but "no general power to compel action by state officials." *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). Here, Plaintiff has not identified any federal action. Thus, the Court lacks jurisdiction over her request for a writ of mandamus. *See id.*

Plaintiff's emergency motion seeks an order granting her "equal time to know and raise [her] son," who she has not seen in more than two years. (Dkt. No. 1, at 3). In her submissions, Plaintiff refers to 42 U.S.C. § 1983, (Dkt. No. 1-1), but appears to raise child custody claims, (Dkt. No. 1, at 3). Federal courts have long recognized that in "a case involving a child custody dispute — that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.'" *Deem v. DiMella-Deem*, 941 F.3d 618, 624 (2d Cir. 2019) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890)). It would therefore appear that dismissal on abstention grounds is warranted. *Id.* at 624 (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990)).

Finally, to the extent Plaintiff seeks to proceed by Order to Show Cause or is requesting a temporary restraining order, and because she has not demonstrated "good cause and substantial prejudice that would result from the requirement of reasonable notice," she "must give reasonable advance notice of the application for an Order to Show Cause to the other parties." N.D.N.Y. L.R. 7.1(e), (f). Indeed, Plaintiff has not identified a defendant in this matter. Accordingly, it is

**ORDERED** that Plaintiff's motion to seal (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that Plaintiff (1) serve a copy of her submissions on the parties she intends to name as defendant(s) in this matter, (2) file a certificate of service with the Court by May 26, 2020, (3) file a complaint by May 26, 2020 specifically identifying the individual(s) she intends to name as defendant(s) in this matter, and (4) file a letter addressing the above-referenced abstention issue; and it is further

**ORDERED** that if Plaintiff is unable to demonstrate that abstention is unwarranted, her request for emergency relief will be denied, and this this case will be closed; and it is further

**ORDERED** that as Plaintiff has not paid the filing fee in this action and her In Forma Pauperis Application ("IFP Application") (Dkt. No. 3) is incomplete, Plaintiff must pay the filing fee or file a completed IFP Application by May 26, 2020; and it is further

**ORDERED** that if Plaintiff fails to pay the filing fee or file a completed IFP application by May 26, 2020, this action will be dismissed; and it is further

**ORDERED** that the Clerk is directed to serve this Order, and a copy of an IFP Application, in accordance with the Local Rules.

**IT IS SO ORDERED.**

**Dated:** May 11, 2020

_____
Brenda K. Sannes
U.S. District Judge